**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | |
|---|---|
| In re : | |
| : | **Chapter 11** |
| **REFCO, INC., et al.,** : | |
| : | **Case No. 05-60006 (RDD)** |
| : | |
| Debtors. : | **(Jointly Administered)** |

------------------------------------------------------------------x

| | |
|---|---|
| **AXIS REINSURANCE COMPANY,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | **Adv. Proc. No. 07-01712 (RDD)** |
| : | |
| : | |
| **PHILLIP R. BENNETT, et al.,** : | |
| : | [caption continued on next page] |
| Defendants. : | |

------------------------------------------------------------------x

**<u>ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT</u>**

*402488.1*

```
------------------------------------------------------------------x
                                                                  :
TONE N. GRANT, et al.,                                            :
                                                                  :
                Plaintiffs,                                       :
                                                                  :
        v.                                                        :   Adv. Proc. No.  07-2005 (RDD)
                                                                  :
AXIS REINSURANCE COMPANY,                                         :
                                                                  :
                Defendant.                                        :
------------------------------------------------------------------x
                                                                  :
LEO R. BREITMAN, et al.,                                          :
                                                                  :
                Plaintiffs,                                       :
                                                                  :
        v.                                                        :   Adv. Proc. No.  07-2032 (RDD)
                                                                  :
AXIS REINSURANCE COMPANY,                                         :
                                                                  :
                Defendant.                                        :
------------------------------------------------------------------x
```

Upon the motions (the "Motions"), dated September 25, 2007, of Tone N. Grant, Robert C. Trosten, Phillip R. Bennett, Dennis Klejna, William M. Sexton, Gerald Sherer, Philip Silverman, Joseph Murphy, Leo R. Breitman, Nathan Gantcher, David V. Harkins, Scott L. Jaeckel, Thomas H. Lee, Ronald L. O'Kelley, and Scott A. Schoen (the "Moving Insureds"), for entry of an order, pursuant to Fed. R. Civ. P. 56, applicable to this proceeding pursuant to Fed. R. Bankr. P. 7056, granting summary judgment against Axis Reinsurance Company ("Axis"), all as more fully set forth in the Motions; and the Court having jurisdiction to consider the Motions and the relief requested therein pursuant to 28 U.S.C. §§ 157, 1334, and 2201; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motions having been provided; and the Court having reviewed the Motions and the objections and other pleadings related thereto; and upon the record of the October 12, 2007

2

hearing thereon; and after due deliberation and sufficient cause appearing therefor, the Court having found for the reasons stated in Exhibit <u>A</u> hereto, which amends and supersedes the Court's bench ruling appearing in the October 12, 2007 hearing transcript, that no genuine issue of material fact exists and that the Moving Insureds are entitled to judgment as a matter of law, it is hereby

ORDERED that the Motions are granted in all respects; and it is further

ORDERED that under the terms of the Axis Policy Axis shall advance, subject to a complete reservation of rights, privileges, and defenses of the parties under the Axis Policy,[1] Defense Costs incurred by the Moving Insureds in defense of the various matters asserted against them related to the demise of Refco, Inc. (the "Claim"), unless and until: (1) there is a final determination that (a) the Claim is not covered by the Axis Policy, or (b) such Defense Costs are not covered under the Axis Policy; or (2) the Limit of Liability of the Axis Policy has been exhausted; and it is further

ORDERED that Axis shall notify counsel to the Plan Administrators of the Modified Joint Chapter 11 Plan (the "Refco Plan") of Refco Inc. and Certain of Its Direct and Indirect Subsidiaries (the "Plan Administrators") when the advancement of Defense Costs hereunder exceeds $2 million in the aggregate, and in increments of $100,000 thereafter; provided, that if individual statements for Defense Costs exceed $100,000, Axis need only notify the Plan Administrators of payment of such bills, without breaking such advances into $100,000 increments; and it is further

ORDERED that entry of this Order shall be without prejudice to the right of the Plan Administrators or any party in interest to seek the re-imposition of the injunction provided

---

[1] Capitalized terms used but not defined herein having the meanings ascribed to such terms in the Motions and the insurance policies referred to therein.

for in the Refco Plan, on a prospective basis with respect to any advances of Defense Costs not yet made, for cause shown on appropriate notice to the Insureds and Axis; and it is further

ORDERED that nothing in this Order shall modify this Court's Order confirming the Refco Plan, including paragraph 34(b) thereof, or constitute a determination that the automatic stay under 11 U.S.C. § 362(a) applies to the actions described in the third decretal paragraph hereof; and it is further

ORDERED that Axis' (a) motion seeking a declaratory judgment with regard to the Moving Insureds' obligations under the Axis policy to refund advanced Defense Costs and (b) request for a determination of the priority and proper allocation of Defense Costs or other Losses under the Axis Policy and denied without prejudice to the rights of all parties to and beneficiaries of the Axis Policy regarding such issue; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Moving Insureds file a memorandum of law in support of the Motion is hereby waived, and it is further

ORDERED that this Order shall be deemed to constitute a separate order on each of the Motions.

Dated: October 19, 2007
       New York, New York

                                        /s/Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE